IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE

In re:

Janet Ann Sydnor            Case No. 08-14229 DK
                                        Jointly administered

      Debtor

In re:

Charles Vernon Clarkson            Case No. 09-22084 DK

      Debtor

**DEBTORS' MOTION TO RECONSIDER, VACATE AND/OR AMEND CONSENT ORDER GRANTING MOTION FOR MOTION FOR [SIC] AUTHORITY TO COMPROMISE CONTROVERSIES**

Janet Ann Sydnor and Charles Vernon Clarkson, jointly administered debtors (collectively, "Debtors"), by undersigned counsel, hereby move this honorable Court for an Order reconsidering, vacating and/or amending the Consent Order Granting Motion for Motion for (sic) Authority to Compromise Controversies entered by this Court on December 19, 2013 (the "Consent Order") [Dkt. No. 312], on the following grounds:

      1.       This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334. Venue of this matter is proper pursuant to 28 U.S.C. § 1409. This matter is a core proceeding pursuant to 28 U.S.C, § 157(b)(2)(A),(E),(G),(M),(N) and (O).

      2.       The Debtors initiated these cases by filing voluntary petitions under Chapter 12 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* The Chapter 12 petitions were subsequently converted to Chapter and then to Chapter 7 and Zvi Guttman is the duly appointed and serving Chapter 7 trustee.

      3.       Property of these jointly administered estates include:

    a. Real property located at 23349/41 Cove Road, Deal Island, Maryland 21821 (the "Deal Island Property")

    b. Real property located at 3946 Robinson Neck Road, Taylors Island, Maryland 21699 (the "Taylors Island Property"); and

    c. Various causes of action (collectively, the "Claims") asserted by the Debtors against Lakefront Investors LLC, Trustcapital Investments, LLC, Equity Trust Company Custodian FBO Nicholas John Lazarchick IRA and Nicholas John Lazarchick (TTEE), CJR Duck Associates LLC and Nicholas John Lazarchick ("Lenders").

(The Deal Island Property and the Taylors Island Property are hereinafter collectively referred to as the "Properties"). One or both of the Properties constitute the Debtors' principal residence. The Lenders assert consensual liens and security interests in the Properties.

    4. Pursuant to the Consent Order, the Lenders and the Trustee have obtained the following relief:

    a. The Claims have been dismissed;

    b. The Trustee is authorized to deliver to the Lenders quitclaim deeds or deeds in lieu of foreclosure for the Properties;

    c. The automatic stay of Section 362(a) of the Bankruptcy Code is terminated to authorize the Lenders to "exercise their rights and remedies under their loan documents and applicable non-bankruptcy law, including, without limitation, conducting foreclosure sales of the properties."

Debtors believe that entry of the Consent Order relative to the provisions awarding stay relief and authorizing conveyance of the Properties constitutes a clear error in the law justifying relief

under Rule 9023 of the Federal Rules of Bankruptcy Procedure and Rule 59 of the Federal Rules of Civil Procedure.

    5.    *Failure to Properly Obtain Relief from the Automatic Stay.* The Motion for Authority to Compromise Controversies (the "Compromise Motion") [Dkt. No. 286] was not served on either of the Debtors. Moreover, the caption for said Motion was not in conformity with Official Bankruptcy Form 16D as required by the local rules of this court on motions for relief from stay, *see* Local Rule 4001-1(a). Moreover, contrary to the local rules, the Compromise Motion combined a request for relief from the automatic stay with other relief. Finally, the Compromise Motion, although seeking an order authorizing relief from stay, did not observe the following requirements imposed by Local Rule 4001-1(a):

> (b) Contents of Motion for Relief from Stay. The following material, when applicable, must be included in a motion for relief from stay:
>
> (1) A detailed statement of the debt owed to Movant;
>
> (2) If periodic payments are in arrears, the amount of arrears accrued prepetition and postpetition;
>
> (3) A description of the property encumbered;
>
> (4) A description of the security interest involved, with attached documents that evidence the security interest and its perfection;
>
> (5) A statement of the basis for the relief claimed, such as, a lack of adequate protection or the absence of equity and that the property is not necessary for an effective reorganization. The specific facts constituting cause shall be set forth if a motion is brought for cause;
>
> (6) If Movant asserts a valuation of the subject property, the motion should state the amount of the valuation, the date, and the basis therefor (appraisal, blue book, etc.);
>
> (7) The specific nature of the relief from stay that is requested.

In light of these defects, this Court should not have approved that portion of the Compromise Motion that pertained to the lifting of the automatic stay. Moreover, due to the severity of these

defects the request for relief from the automatic stay was never properly before the Court, and therefore authorizing such relief was a clear legal error.

6. *Failure to Justify Conveyance of the Properties.* Due to the proposed conveyance of the Properties to the Lenders, the Compromise Motion acts as a motion seeking authority to sell the Properties outside of the ordinary course of business. Such sales are governed by Section 363 of the Bankruptcy Code. However, there is nothing in the Compromise Motion to suggest that the Trustee has done any due diligence as to the value of the Properties or done anything to maximize the value of the conveyance of the Properties for the benefit of the estate. In fact, there is nothing in the record before this Court to suggest that the Trustee has taken any measures to satisfy his burden to show that the sale of the Properties is in the best interest of the estate:

> The trustee bears the burden to prove a sound business reason; a fair sale price; adequate and reasonable notice; and the buyer is a good faith purchaser. The trustee's duty is to maximize the value obtained from a sale, but he must also avoid undue risk. The Chapter 7 trustee's primary role is to liquidate property for the benefit of unsecured creditors. … The trustee is granted wide discretion in the conduct of the sale, and the court is granted wide latitude in deciding whether to grant or deny approval. The court may interfere with the trustee's judgment to safeguard the diverse interests of the debtor, creditors, bidders, and equity holders. Sales are not to be directed by the "hue and cry of the most vocal special interest groups." The court may consider many salient factors. Some relevant factors for this case include the proportionate value of the asset to the estate as a whole and the proceeds to be obtained from the disposition.
>
> A good faith purchaser is one who buys in good faith and for value. A buyer in good faith is one who buys through a sale which does not involve fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders. … The trustee must provide evidence regarding the value of the asset to be sold in order for the court to judge the fairness of the sale. The trustee's duty to creditors and the estate requires more than mere adoption of the appraisal advanced by the buyer.
>
> The trustee also bears the burden of proof regarding the prospective purchaser's good faith, and he cannot avoid the burden by failing to put on evidence. The court cannot infer good faith from an evidentiary record silent on the question because such an inference would invert the burden of proof onto the objecting party. The issue of the prospective purchaser's good faith is not always limited to situations involving fraud or collusive bidding. Failure to reveal material facts and

4

> failure to reveal ulterior motives which may affect the court's reasoning fails the good faith requirement as well.
>
>                                  \*      \*      \*
>
> Where property is of inconsequential value to the estate, abandonment under § 554, rather than sale under § 363, is the proper course.

*In re Buerge*, 479 B.R. 101, 106-107 (Bankr. D. Kan 2012). In this case, the trustee made no evidentiary showing that he has attempted to maximize value in the sale of the Properties, nor that the Lenders are good faith purchasers for value. To the contrary, it appears that by wrapping up their entire controversy with the estate for a payment of only $50,000, the Lenders, the estate's most vocal special interest group, succeeded in obtaining rights in the Properties without any exposure to the open market.

       7.       Debtors retain at least three interests in the Properties under Maryland law that this Court should have considered prior to granting the Compromise Motion: the Debtors' possessory interest in residential, owner-occupied real property; the Debtors' right to redeem the Properties prior to a foreclosure sale; and the Debtors' right to cure defaults at least one day prior to a foreclosure sale. The Consent Order, however, disregards these interests. These are interests that the Debtors could have preserved and protected through an exemption in the Properties. Indeed, the Compromise Motion and Consent Order substantially deprive the Debtors of these rights that are specifically protected under Maryland law.

       8.       Debtors move this court for reconsideration of the Consent Order pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure, incorporating into bankruptcy cases Rule 59 of the Federal Rules of Civil Procedure. Rule 59 provides:

> (a) In General.
>
> (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:

  (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

  (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

  (2) Further Action After a Nonjury Trial. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

  (b) Time to File a Motion for a New Trial. A motion for a new trial must be filed no later than 28 days after the entry of judgment.

  (c) Time to Serve Affidavits. When a motion for a new trial is based on affidavits, they must be filed with the motion. The opposing party has 14 days after being served to file opposing affidavits. The court may permit reply affidavits.

  (d) New Trial on the Court's Initiative or for Reasons Not in the Motion. No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order.

  (e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

The 4th Circuit has recognized

> that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.

*Pacific Ins. Co. v. American Nat. Fire Ins.*, 148 F.3d 396, 403. (4th Cir. 1998). In that case, the 4th Circuit upheld the grant of a new trial on the third basis, to correct a clear error of law or prevent manifest injustice.

    In this case, the Court committed a clear error of law in granting relief that was never properly brought before the Court and upon which there was no evidentiary basis. The trustee sought a compromise of a controversy under Rule 9019, a standard that has a different

evidentiary basis than either a motion for relief from the automatic stay or a motion to authorize sale of property of the estate. Where it is arguable that the trustee failed to even satisfy the burden under Rule 9019, certainly the trustee brought forward no evidence in support of the proposed conveyance of the Properties or the lifting of the automatic stay.

      The trustee's failure to observe any of the procedural requirements in relief from stay/sale of property jurisprudence, and the Court's tolerance of this failure, have resulted in manifest injustice. The Debtors are deprived of the foreclosure defenses they have fought hard to preserve for over five years. Without any evidentiary basis, the Debtors will now be stripped of their state law rights and their home. The Lenders, upon payment of only $50,000, have engineered a wholesale evisceration of the due process protections built into the Bankruptcy Code. Moreover, the Consent Order fails to establish how the $50,000 is to be apportioned: whether part to satisfaction of the Claims, part in exchange for conveyance of the Properties, or all of either. This failure therefore runs afoul of Rule 6004(f)(1) that upon completion of a sale

> an itemized statement of the property sold, the name of each purchaser, and the price received for each item or lot or for the property as a whole if sold in bulk shall be filed.

Finally, the trustee cannot complain that the Compromise Motion was not really a disguised motion to sell estate property or to lift the automatic stay: the Consent Order specifically calls for a waiver of the stays imposed by FRBP 4001 and 6004. Certainly the waiver of these important stays were not included within the Consent Order by accident.

      WHEREFORE, Janet Ann Sydnor and Charles Vernon Clarkson respectfully request that this Court enter an Order:

    A.    Vacating the Consent Order; and

    B.    Granting such other and further relief as this Court deems just and proper.

                                    */s/Ronald J. Drescher*
                                    Ronald J. Drescher
                                    Drescher & Associates, P.A.
                                    4 Reservoir Circle
                                    Suite 107
                                    Baltimore, MD 21208
                                    (410) 484-9000
                                    Counsel for Debtors

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 2nd day of January, 2014, copies of the foregoing Motion and Proposed Order were sent by the Court's electronic filing system and by regular U.S. mail, postage prepaid, to:

Zvi Guttman, Esq.
The Law Offices of Zvi Guttman, P.A.
P.O. Box 32308
Baltimore, Maryland 21282

Stephen Metz, Esq.
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
12505 Park Potomac Ave., 6th Floor
Potomac, MD 20854

Worthington H. Talcott, Jr., Esq.
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
12505 Park Potomac Ave., 6th Floor
Potomac, MD 20854

Gohn, Hankey & Stichel, LLP
201 N. Charles Street, Suite 2101
Baltimore, MD 21201

Bryan A. Bishop, Esquire
Law Offices of Bryan A. Bishop, LLC
1400 S. Charles Street
Baltimore, Maryland 21230

United States Trustee
101 West Lombard Street #2625
Baltimore, MD 21201 2668

                                    */s/Ronald J. Drescher*
                                    Ronald J. Drescher