IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE

In re:

Janet Ann Sydnor                              Case No. 08-14229 DK
                                              Jointly administered
    Debtor

In re:

Charles Vernon Clarkson                       Case No. 09-22084 DK

    Debtor

## EMERGENCY MOTION FOR STAY PENDING RECONSIDERATION OR, IN THE ALTERNATIVE, PENDING APPEAL

Janet Ann Sydnor and Charles Vernon Clarkson, jointly administered debtors (collectively, "Debtors"), by undersigned counsel, hereby move this honorable Court on an emergency basis for an Order staying the effect of the Consent Order Granting Motion for Motion for (sic) Authority to Compromise Controversies entered by this Court on December 19, 2013 (the "Consent Order") [Dkt. No. 312] pending reconsideration or appeal of the Consent Order, on the following grounds:

    1.    This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334. Venue of this matter is proper pursuant to 28 U.S.C. § 1409. This matter is a core proceeding pursuant to 28 U.S.C, § 157(b)(2)(A),(E),(G),(M),(N) and (O).

    2.    Debtors have filed a Motion to Reconsider, Vacate and/or Amend Consent Order Granting Motion for Motion for [Sic] Authority to Compromise Controversies ("Motion for Reconsideration") [Dkt. No. 317] on the grounds that, *inter alia*, this Court committed error in permitting a conveyance of the real property of these estates and lifting the automatic stay of Section 362 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq* when (i) neither

requests for relief were properly before the Court and (ii) the trustee submitted no evidence in support of either request for such relief. By this emergency motion, the Debtors request a stay of all relief authorized in the Consent Order pending resolution of the Motion for Reconsideration or any appeal of the Consent Order.

      3.      Rule 8005 of the Federal Rules of Bankruptcy Procedure authorizes this Court to issue the stay requested in this motion as follows:

> Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

In the 4th Circuit, it has long been the standard that "a party seeking a stay must show (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay." *Long v. Robinson*, 432 F.2d 977 (4th Cir. 1970). In this case, all of these elements are satisfied.

      4.      First, for the reasons set forth in the Motion for Reconsideration, Debtors believe they are likely to prevail on the merits. The trustee failed to adhere to essential elements regarding the portions of the settlement that provided for relief from the automatic stay and conveyance of property of the estate. Although such relief was mentioned in the trustee's motion to approve the settlement, the trustee introduced no evidence to conform to applicable standards that such relief was in the best interest of the estate. Indeed, there was no evidence that the trustee has taken any steps to expose the Debtors' properties to the market and there was no opportunity for competitive bidding. Under the circumstances the Debtors believe there is a strong likelihood they will prevail on the Motion for Reconsideration or subsequent appeal.

5. Second, the Debtors will no doubt suffer irreparable injury if the stay is denied. Besides the Debtors' being deprived of their longstanding attempts to have their day in court regarding the adversary proceedings that are the true subject matter of the settlements, if a stay is not granted the Debtors will also lose such critical rights as the Debtors' possessory interest in residential, owner-occupied real property; the Debtors' right to redeem the Properties prior to a foreclosure sale; and the Debtors' right to cure defaults at least one day prior to a foreclosure sale. The Consent Order, however, disregards these interests. These are interests that the Debtors could have preserved and protected through an exemption in the Properties and will be lost without a stay.

6. Third, the Lenders and the trustee will not be unduly prejudiced by granting a stay. The dismissal of the adversary proceedings effected after entry of the Consent Order may be vacated and the parties returned to their status quo; the real property that is the subject of all the underlying disputes remains intact; the $50,000 settlement payment may remain within the trustee's escrow account.

7. Fourth, the public interest will be served by granting the requested stay. The public may legitimately expect that the rights of parties will not evaporate upon the requests that courts review earlier proceedings in their attempts to correct legal errors. Allowing the Debtors' homes to be taken from them while seeking vindication of their rights would greatly erode the faith of the public in the courts' ability to determine and issue justice concerning parties' disputes.

WHEREFORE, Janet Ann Sydnor and Charles Vernon Clarkson respectfully request that this Court enter an Order on an emergency basis:

A. Issuing a stay of enforcement of the Consent Order and, to the extent necessary, vacating that portion of the Consent Order that has already been implemented; and

  B. Granting such other and further relief as this Court deems just and proper.

              */s/Ronald J. Drescher*
              Ronald J. Drescher
              Drescher & Associates, P.A.
              4 Reservoir Circle
              Suite 107
              Baltimore, MD 21208
              (410) 484-9000
              Counsel for Debtors

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 4th day of January, 2014, copies of the foregoing Motion and Proposed Order were sent by the Court's electronic filing system and by email, to:

Zvi Guttman, Esq.
The Law Offices of Zvi Guttman, P.A.
P.O. Box 32308
Baltimore, Maryland 21282
ZviGuttman@7trustee.net

Stephen Metz, Esq.
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
12505 Park Potomac Ave., 6th Floor
Potomac, MD 20854
smetz@shulmanrogers.com

Worthington H. Talcott, Jr., Esq.
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
12505 Park Potomac Ave., 6th Floor
Potomac, MD 20854
wtalcott@srgpe.com

Jan Berlage
Gohn, Hankey & Stichel, LLP
201 N. Charles Street, Suite 2101
Baltimore, MD 21201
JBerlage@GHSLLP.com

Bryan A. Bishop, Esquire
Law Offices of Bryan A. Bishop, LLC
1400 S. Charles Street
Baltimore, Maryland 21230
bbishop@bdslegal.com

United States Trustee
101 West Lombard Street #2625
Baltimore, MD 21201 2668
mark.a.neal@usdoj.gov

                                                                                     */s/Ronald J. Drescher*
                                                                                     Ronald J. Drescher