**UNITED STATES DISTRICT COURT**
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

February 21, 2014

MEMO TO COUNSEL RE:  Janet Ann Sydnor and Charles Vernon Clarkson v.
　　　　　　　　　　　Zvi Guttman, et al.
　　　　　　　　　　　Civil No. JFM-14-296

Dear Counsel:

　　　　I have reviewed the memoranda submitted in connection with appellants' emergency motion for stay pending appeal. The motion (document 1) is denied.

　　　　I will assume that the factors set forth in *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342 (4th Cir. 2009) apply to the consideration of a motion for stay pending appeal. Appellants have not persuaded me that application of these standards warrants the granting of the stay.

　　　　First, I do not believe that appellants are likely to succeed on the merits. This litigation has been pending for many years, and it seems to me that the Chapter 7 trustee acted reasonably in determining that it was in the interest of the bankruptcy estate to compromise the disputes created by the assertion of claims by appellants.

　　　　Second, it is not clear to me that appellants are likely to suffer any legally cognizable harm by denying their motion for stay. The claims the trustee has compromised belong to the bankruptcy estate, not to appellants. That said, I recognize that appellants no longer will be able to pursue the claims they have asserted against the Lenders. I also recognize that appellants likely will probably lose their homes by virtue of the settlement agreement into which the trustee has entered. Even if appellants are harmed by the denials of their motion to stay, however, that factor is far outweighed by the other factors that I must consider.

　　　　Third, I am not persuaded that the balance of equities tip in favor of appellants. As previously indicated I recognize the harm that they allege that they will suffer. However, the bankruptcy estate and the Lenders unquestionably would be harmed by not being able to foreclose on the subject properties for virtually an indefinite period of time.

　　　　Fourth, in my judgment the public interest requires that appellants' motion for stay be denied. In effect, appellants are seeking to "end-run" the decision reached on October 26, 2012 in a related case by Judge Bennett of this court. Moreover, according to Judge Bennett's opinion, appellants have maneuvered bankruptcy law to their benefit not only in this case but

also in the past (both having been frequently filers of bankruptcy petitions).  Respect for the law requires that these maneuverings not be rewarded.

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                        Very truly yours,

                                        /s/

                                        J. Frederick Motz
                                        United States District Judge